**ORIGINAL**

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

JUN 0 1 2007

JAMES W. McCORMACK, CLERK
By: _____ DEP CLERK

| | | |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Case No.: |
| | § | |
| HAROLD S. LONGS, and | § | 4.07-CV00000537 SWW |
| YOUR MONEY WORTH, INC., | § | |
| | § | |
| Defendants. | § | |

**TEMPORARY RESTRAINING ORDER, ORDER FREEZING ASSETS, ORDER
REQUIRING AN ACCOUNTING AND PASSPORT SURRENDER, ORDER
REQUIRING PRESERVATION OF DOCUMENTS,
AND ORDER AUTHORIZING EXPEDITED DISCOVERY**

This matter came on before me, the undersigned United States District Judge, this 1st day of June, 2007, on application of Plaintiff Securities and Exchange Commission ("Commission") for issuance of a temporary restraining order, and an order freezing assets, requiring an accounting of revenues, expenses and assets, prohibiting the destruction and/or alteration of documents, authorizing expedited discovery and other equitable relief against Harold S. Longs and Your Money Worth, Inc. ("collectively Defendants"). The Court finds, based upon the papers filed by the Commission, the following:

1.  This Court has jurisdiction over the subject matter of this action and over the Defendants.

2.  The Commission is a proper party to bring this action seeking the relief sought in its Complaint.

3. The Commission has made a sufficient showing that neither written nor oral prior notice need be given to the Defendants because it is likely that assets might be dissipated if such notice were given.

4. There is good cause to believe that Defendants have engaged and are engaged in acts and practices which did, do and will constitute violations of Sections 5(a), 5(c) and 17(a) of the Securities Act of 1933 ("Securities Act"), [15 U.S.C. §§77e(a), 77e(c) and 77q(a)], Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act"), [15 U.S.C. §§ 78j(b)] and Commission Rule 10b-5, [17 C.F.R. §240.10b-5].

5. There is good cause to believe that Defendants will continue to engage in the acts and practices constituting the violations set forth in paragraph 4 unless restrained and enjoined by an order of this Court.

6. There is good cause to believe that Defendants used improper means to obtain investor funds and assets.

7. An accounting is appropriate to determine the disposition of investor funds and to ascertain the total assets that should continue to be frozen.

8. It is necessary to preserve and maintain the business records of Defendants from destruction.

9. This proceeding is one in which the Commission seeks a preliminary injunction.

10. The timing restrictions of Federal Rules of Civil Procedure 26(d) and (f), 30(a)(2)(C) and 34 should not apply to this proceeding in light of the Commission's requested relief and its demonstration of good cause.

11. Expedited discovery is appropriate to permit a prompt and fair hearing on the Commission's Motion for Preliminary Injunction.

IT IS THEREFORE ORDERED:

1. Defendants, their agents, servants, employees, attorneys, and all other persons in active concert or participation with them, who receive actual notice of this order, by personal service or otherwise, and each of them, be and hereby are restrained and enjoined from violating Sections 5(a) and 5(c) of the Securities Act [15 U.S.C. §§77e(a) and 77e(c)]:

   A. by making use of any means or instruments of transportation or communication in interstate commerce or of the mails, to sell a security through the use or medium of a prospectus or otherwise; or

   B. by carrying or causing to be carried through the mails or in interstate commerce, by any means or instruments of transportation, a security for the purpose of sale or for delivery after sale unless a registration statement is in effect as to the security; or to make use of any means or instruments of transportation or communication in interstate commerce of the mails to offer to sell or offer to buy through the use or medium of a prospectus or otherwise a security;

Unless a registration statement has been filed as to the security; or while the registration statement is the subject of a refusal order, stop order or (prior to the effective date of the registration statement) any public proceeding or examination under Section 8 of the Securities Act.

2. Defendants, their agents, servants, employees, attorneys, and all other persons in active concert or participation with them, who receive actual notice of this order, by personal service or otherwise, and each of them, be and hereby are restrained and enjoined from violating Section 17(a) of the Securities Act [15 U.S.C. §77q(a)], directly or indirectly, in the offer or sale

of a security, by making use of any means or instruments of transportation or communication in interstate commerce or by use of the mails:

    A.     to employ any device, scheme or artifice to defraud;

    B.     to obtain money or property by means of any untrue statement of a material fact or any omission to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; and/or

    C.     to engage in any transaction, practice or course of business which operates or would operate as a fraud or deceit upon any purchaser.

3.     Defendants, their agents, servants, employees, attorneys, and all other persons in active concert or participation with them, who receive actual notice of this order, by personal service or otherwise, and each of them, be and hereby are restrained and enjoined from violating Section 10(b) of the Exchange Act and Rule 10b-5 [15 U.S.C. §78j(b) and 17 C.F. R. §240.10b-5], directly or indirectly, in connection with the purchase or sale of a security, by making use of any means or instrumentality of interstate commerce, of the mails or of any facility of any national securities exchange:

    A.     to use or employ any manipulative or deceptive device or contrivance;

    B.     to employ any device, scheme or artifice to defraud;

    C.     to make any untrue statement of a material fact or omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; and/or

    D.     to engage in any act, practice or course of business which operates or would operate as a fraud or deceit upon any person.

4.      Defendants, their agents, servants, employees, attorneys and other persons in active concert or participation with them, who receive actual notice of this order, by personal service or otherwise, are hereby restrained and enjoined from, directly or indirectly, making any payment or expenditure of funds belonging to or in the possession, custody or control of Defendants, or effecting any sale, gift, hypothecation or other disposition of any asset belonging to or in the possession, custody or control of Defendants, pending a showing to this Court that Defendants have sufficient funds or assets to satisfy all claims arising out of the violations alleged in the Commission's Complaint or the posting of a bond or surety sufficient to assure payment of any such claim. This provision shall continue in full force and effect until further ordered by this Court and shall not expire.

5.      Defendants, their agents, servants, employees, attorneys and other persons in active concert or participation with them, who receive actual notice of this order, by personal service or otherwise, are hereby prohibited from accepting or depositing any additional investor funds prior to any hearing on the Commission's Motion for a Preliminary Injunction.

6.      All banks, savings and loan associations, savings banks, trust companies, broker-dealers, commodities dealers, investment companies, other financial or depository institutions and investment companies that hold one or more accounts in the name, on behalf or for the benefit of Defendants are hereby restrained and enjoined from engaging in any transaction in securities (except liquidating transactions necessary to comply with a court order) or any disbursement of funds or securities pending further order of this Court. This provision shall continue in full force and effect until further order by this Court and shall not expire.

7.      All other individuals, corporations, partnerships, limited liability companies and other artificial entities are hereby restrained and enjoined from disbursing any funds, securities or

other property obtained from Defendants without adequate consideration. All persons who hold or possess the direct or indirect proceeds of the misconduct described in the Complaint, in whatever form such funds or other assets may presently exist, who receive actual notice of this order, by personal service or otherwise, and each of them, shall hold and retain such funds and assets and shall prevent any withdrawal, sale, payment, transfer, dissipation, assignment, pledge, alienation, encumbrance, disposal, or diminution in value of any such funds or other assets which are hereby frozen. This provision shall continue in full force and effect until further order by this Court and shall not expire.

8.  Defendants are hereby required to make an interim accounting, under oath and filed with the Court, within ten days of the issuance of this order or three days prior to any hearing on the Commission's Motion for Preliminary Injunction, whichever is sooner, (1) detailing all monies and other benefits which each received, directly and indirectly, as a result of the activities alleged in the Complaint (including the date on which the monies or other benefit was received and the name, address and telephone number of the person paying the money or providing the benefit), (2) listing all current assets wherever they may be located and by whomever they are being held (including the name and address of the holder and the amount or value of the holdings) and (3) listing all accounts with any financial or brokerage institution maintained in the name of, on behalf of or for the benefit of the Defendants (including the name and address of the account holder and the account number) and the amount held in each account at any point during the period from January 1, 2005, through the date of the accounting. Defendant Longs is ordered to surrender his passport to the Clerk of the Court until such time as the accounting is completed and filed with the Court, and the Clerk of the Court is directed to receive

the passport for safekeeping and retain possession, custody and control of the passport until further order of this Court.

9. Defendants and each of their agents, servants, employees and attorneys, and those persons in active concert or participation with them, who receive actual notice of this Order by personal service or otherwise, and each of them, shall, within five (5) days of receiving actual notice of this order, take such steps as are necessary to repatriate and deposit into the registry of the Court, any and all funds or assets that were obtained directly or indirectly from investors that presently may be located outside of the United States. The Clerk of the Court is directed to accept these funds and to deposit them into an interest bear account, pending further order of this Court.

10. Defendants, their agents, servants, employees, attorneys and other persons in active concert or participation with them who receive actual notice of this order, by personal service or otherwise, are hereby restrained and enjoined from destroying, removing, mutilating, altering, concealing and/or disposing of, in any manner, any books and records owned by or pertaining to the financial transactions and assets of Defendants. This provision shall continue in full force and effect until further order by this Court and shall not expire.

11. The United States Marshal in any judicial district in which Defendants does business and/or may be found, is authorized and directed to make service of process at the request of the Commission.

12. The Commission is authorized to give notice of these proceedings and the relief granted herein to, the Defendants by U.S. Mail, electronic mail or by any other means authorized by the Federal Rules of Civil Procedure.

13. Expedited discovery may take place consistent with the following:

A. Any party may notice and conduct depositions upon oral examination and may request and obtain production of documents or other things for inspection and copying from parties prior to the expiration of thirty days after service of a summons and the Commission's Complaint upon Defendants.

B. All parties shall comply with the provisions of Fed. R. Civ. P. 45 regarding issuance and service of subpoena unless the person designated to provide testimony or to produce documents and things agrees to provide the testimony or to produce the documents or things without the issuance of a subpoena and/or to do so at a place other than one at which testimony or production can be compelled.

C. Any party may notice and conduct depositions upon oral examination subject to minimum notice of seventy-two (72) hours.

D. All parties shall produce for inspection and copying all documents and things that are requested within seventy-two (72) hours of service of a written request for those documents and things.

E. All parties shall serve written responses to written interrogatories within seventy-two (72) hours after service of the interrogatories.

14. All parties shall serve written responses to any other party's request for discovery and the interim accountings to be provided by Defendants by delivery to the Commission address as follows:

UNITED STATES SECURITIES AND EXCHANGE COMMISSION
Fort Worth Regional Office
Attention: Harold R. Loftin, Jr.
Burnett Plaza, Suite 1900

801 Cherry Street, Unit #18
Fort Worth, TX 76102-6882
Facsimile: (817) 978-4927

and by delivery to other parties at such address(es) as may be designated by them in writing. Such delivery shall be made by the most expeditious means available, including facsimile machine or electronic mail.

15. Defendants shall serve, by the most expeditious means possible, including facsimile, any papers in opposition to the Commission's Motion for Preliminary Injunction and for other relief no later than 96 hours before any scheduled hearing on the Motion for Preliminary Injunction. The Commission shall serve any reply at least 24 hours before any hearing on the Motion for Preliminary Injunction by the most expeditious means available, including facsimile or electronic mail.

16. Unless extended by agreement of the parties, the portion of this order that constitutes a temporary restraining order shall expire at 5:00 o'clock p.m. on the 13th day of June, 2007, or at such later date as may be ordered by this Court. All other provisions of this order shall remain in full force and effect until specifically modified by further order of this Court. Pursuant to Fed. R. Civ. P. 43(e), the Court, in determining whether the Defendants should be preliminarily enjoined may consider solely the affidavits, exhibits and pleadings filed by the parties. *See, e.g., FSLIC v. Dixon*, 835 F.2d 554, 558-59 (5th Cir. 1987); *E.E. Maxwell Co. v. Arti Décor, Ltd.*, 635 F.Supp 749, 751 n. 3 (N.D. Tex. 1986). Unless the Court rules upon the Commission's Motion for Preliminary Injunction pursuant to Fed. R. Civ. P. 43(e), adjudication of the Commission's Motion for Preliminary Injunction shall take place at the United States Courthouse, Room 530, Little Rock, Arkansas on the 13th day of June, 2007, at 9:00 o'clock a.m.

*SEC v. Harold S. Longs, et al.*
Temporary Restraining Order
And Orders Granting Other Equitable Relief
Page-9

Signed _2:45_ o'clock p.m. CST this __1st__ day of June, 2007.

_____
United States District Judge